**Date signed April 22, 2005**



PAUL MANNES
U. S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF MARYLAND

at Greenbelt

| | | |
|---|---|---|
| **In re:** | * | |
| **David B. Runkle,** | * | **Case No.**   03-31268 PM |
| | * | **Chapter**   7 |
| | * | |
| Debtor. | * | |
| ****************************** | * | |
| **W. Clarkson McDow, Jr.,** | * | **Adv. Proc. No.**   05-1014 |
| | * | |
| **United States Trustee,** | * | |
| Plaintiff, | * | |
| vs. | * | |
| **David B. Runkle,** | * | |
| | * | |
| | * | |
| Defendant. | * | |

MEMORANDUM OF DECISION

The Defendant, David B. Runkle, filed a motion to dismiss and a motion to strike complaint filed January 10, 2005, by the United States Trustee pursuant to 11 U.S.C. § 727(d)(1) to revoke the debtor's discharge entered January 9, 2004.   The motions will be denied.

1

Background

On September 23, 2003, Defendant filed a bankruptcy case under Chapter 7 of the United States Bankruptcy Code. The same day a case was filed on behalf of Ry West, Inc. (03-31265). Defendant signed its verified statement of financial affairs and schedules in his capacity as president of that corporation.

On January 10, 2005, the United States Trustee filed this adversary proceeding pursuant to 11 U.S.C. § 727(d)(1), seeking to revoke Mr. Runkle's discharge. The complaint charges that Defendant obtained his discharge through fraud. At the same time, the United States Trustee also submitted a motion to reopen the Defendant's individual bankruptcy case. The bankruptcy case was reopened on January 13, 2005.

Count I of the United States Trustee's complaint asserts that, in his individual bankruptcy case, Defendant made false statements both on his schedules and at the meeting of creditors regarding his involvement in the printing industry. In particular, the United States Trustee alleges that, notwithstanding Defendant's assertion that he had no ties to the printing business, he caused the formation of and participated in the affairs of a Maryland corporation named Custom Image Printing, Inc. ("Custom Image"). Donna M. Basehoar Runkle, Defendant's spouse, is listed as the sole shareholder of Custom Image. The complaint further alleges that Defendant controls this business and is in charge of its daily operations. Counts II asserts that, in the Ry West bankruptcy case, Defendant made false statements on the schedules regarding transfers made to Custom Image. Lastly, Count III asserts that, in the Ry West bankruptcy case, Defendant made false statements and failed to disclose that he caused Ry West to transfer its clients and other assets to Custom Image within one year before Ry West filed for bankruptcy

relief.

In the motion to dismiss, Defendant argues that the United States Trustee's complaint is barred by the limitations period set forth in 11 U.S.C. § 727(e)(1). Specifically, Defendant asserts that, although the complaint was filed on January 10, 2005, it must be deemed to have been filed on January 13, 2005 inasmuch as the bankruptcy case was not reopened until that date. Citing Bankruptcy Rule 5005(a)(1)[1], Defendant argues that an adversary proceeding cannot be filed in the absence of a pending related bankruptcy case. The court disagrees.

In the alternative, Defendant argues that even if the complaint were deemed to have been filed on January 10, 2005, it was not timely filed because the limitations period provided for in Section 727(e)(1) cannot be extended by Bankruptcy Rule 9006(a). Defendant also filed a motion to strike the complaint based upon the argument that the bankruptcy case was not pending at the time that the adversary proceeding was filed.

As noted in the United States Trustee's opposition to Defendant's motions to dismiss and strike, the complaint was, in fact, filed on January 10, 2005. The reopening of a bankruptcy case is not a jurisdictional prerequisite to invoking the "arising under" jurisdiction of this Court of 28 U.S.C. § 1334(b). Furthermore, the complaint is deemed to have been filed upon the clerk of the court's receipt thereof. The United States Trustee next argues that the Section 727(e)(1) limitations period is calculated pursuant to Bankruptcy Rule 9006(a). Because the last day of the one-year period was Sunday, January 9, 2005, the argument follows that the complaint, filed on

---

[1] Bankruptcy Rule 5005(a), in relevant part, provides: "(1) Place of filing. The lists, schedules, statements, proofs of claim or interest, complaints, motions, applications, objections and other papers required to be filed by these rules, except as provided in 28 USC § 1409, shall be filed with the clerk in the district where the case under the Code is pending." This section has no impact upon the underlying jurisdiction of the bankruptcy court.

Monday, January 10, 2005, was timely filed within the extended limitations period. The court agrees.

## Discussion

Under 11 U.S.C. § 727(e)(1), "the trustee, a creditor, or the United States trustee may request a revocation of a discharge under subsection (d)(1) of this section within one year after such discharge is granted[.]" The issue presented here is whether the United States Trustee filed its complaint to revoke Debtor's discharge within this one year period. The United States Trustee's case is founded upon the proposition that Bankruptcy Rule 9006(a) can be applied to extend the limitations period set forth in Section 727(e)(1). Bankruptcy Rule 9006(a), in relevant part, provides as follows:

> In computing any period of time prescribed or allowed by these rules or by the Federal Rules of Civil Procedure made applicable by these rules, by the local rules, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, or, when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the clerk's office inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days.

It is established that Bankruptcy Rule 9006(a) can extend a deadline established by another bankruptcy rule. "The time-computation and time-extension provisions of Rule 9006 . . . are generally applicable to any time requirement found elsewhere <u>in the rules unless expressly excepted</u>." <u>Pioneer Inv. Services Co. v. Brunswick Assocs. Ltd. Partnership</u>, 113 S. Ct. 1489, 1495 n.4 (1993) (emphasis added). <u>See Kontrick v. Ryan</u>, 124 S. Ct. 906, 913-14 (2004); <u>In re Beck</u>, 220 B.R. 573 (BC Md. 1998) (the time limitations set forth in Bankruptcy Rule 4007(c) are procedural, and not jurisdictional, in nature and therefore are governed by Bankruptcy Rule 9006(a)) .

The applicability of Rule 9006(a) to limitations periods established by statute has been a subject of debate.  The Bankruptcy Rules are authorized under 28 U.S.C. § 2075, that provides, in relevant part,  "[t]he Supreme Court shall have the power to prescribe by general rules, the forms of process, writs, pleadings, and motions, and the practice and procedure in cases under title 11.  Such rules shall not abridge, enlarge, or modify any substantive right."   Rule 9006(a) cannot be used to override the substantive limitations period set forth in Section 727(e)(1) because "in a conflict between the Code and the rules, the Code controls."  In re Stoecker, 179 F.3d 546, 552 (CA7 1999).

Defendant argues that Rule 9006(a) cannot operate to extend the one-year limitations period of Section 727(e)(1) if to do so would enlarge a substantive right.  One case that addressed the distinction of whether a limitations period is substantive or procedural for purposes of Section 2075 is In re Greene, 223 F.3d 1064 (CA9 2000).  In Greene,  the court concluded that applying Rule 9006(a) to extend the 90-day preference period of  § 547(b)(4)(A) would contravene Section 2075.  In reaching this conclusion, the court provided the following explanation of the difference between procedural rules and rules affecting substantive rights:  "[A] procedural rule is one that governs 'the judicial process for enforcing rights and duties recognized by the substantive law', while a rule that impermissibly alters substantive rights is one that modifies 'the rules of decision by which [a] court [resolves disputes].'" Id. at 1071-1072 (quoting Hanna v. Plumer, 380 U.S. 460, 464-65, 85 S.Ct. 1136 (1965)). However, in a later case, Salvador-Calleros v. Ashcroft, 389 F.3d 959, 965 (CA9 2004), the Ninth Circuit took the exactly opposite position in applying Fed.R.App.P. 26(a)(3) so as to enable consideration of an immigration law issue where the time period for action ran on the weekend.

5

In its motion to dismiss, Defendant relies upon In re Beck, *supra*, with the following discussion of the distinction between substantive and procedural limitations periods:

> Additionally, "[f]urther support, if any is needed, for the principle that Rule 4007 is procedural in nature is found in the fact that the rule allows for the court, upon motion of any party in interest, to extend the 60-day time limit. A statute of limitations, which would govern the substantive rights of a party, could not be extended by virtue of a court order." *In re Welsh*, 138 B.R. 630, 631 (Bankr. M.D. Fla. 1992). The *Burcham* court made a similar point: "[T]his court is satisfied that the time fixed by F.R.B.P. 4007(c) is merely a procedural rule which the Rules Committee, with the approval of the Supreme Court, has the power to fix unlike the two year limitation [of § 546 of the Code] which was fixed by Congress which, of course, could not be changed by a procedural rule." *In re Burcham*, 176 B.R. 268, 270 (Bankr. M.D. Fla. 1994).

Id. at 576. The United States Trustee, in its opposition to the Defendant's motions, argues that the Beck court's "distinction between 'substantive' limitations periods found in statute law and 'procedural' limitations periods expressed in the Federal Rules of Bankruptcy Procedure - has been subsequently rejected by other courts." The United States Trustee relies upon the Sixth Circuit case of Bartlik v. United States Dep't of Labor, 62 F.3d 163 (CA6 1995) (en banc) for the proposition that it is not necessary to make such a distinction, noting that the reasoning of Bartlik has been adopted by the Fifth, Ninth and Eleventh Circuits. Lawson v. Conyers Chryler, Plymouth & Dodge Trucks, Inc., 600 F.2d 465, 466 (CA5 1979): Salvador-Calleros v. Ashcroft, 389 F.3d 959, 965 (CA9 2004)[2]; American Canoe Ass'n, Inc. v. City of Attalla, 363 F.3d 1085, 1088 (CA11 2004). See also Kerby v. Mortgage Funding Corp., 992 F. Supp. 787, 795 (D. Md. 1998).

The Fourth Circuit used this same reasoning in an appeal from an order dismissing a case for want of jurisdiction. In Wirtz v. Peninsula Shipbuilders Ass'n, 382 F.2d 237 (CA4 1967), the

---

[2]The Ninth Circuit presents authority on either side of this issue.

district court dismissed a complaint filed by the Secretary of Labor charging a labor union with violation of section 401 of the Labor Management Reporting and Disclosure Act of 1959, 29 U.S.C. § 481.  The Act enabled the Secretary to bring a civil action within sixty days after the filing of a complaint by a union member.  On April 27, 1966, certain union members filed a complaint with the Secretary.  After an investigation, the Secretary filed a complaint on Monday, June 27, 1966, sixty one days after the filing of the complaint.  To excuse the delayed filing, the Secretary sought application of Civil Rule 6(a).  The District Court dismissed the case.  The Fourth Circuit reversed, saying "[w]e are of the opinion that the computation of the 60 day time limit of section 402(b) in the manner prescribed by Rule 6(a) is both consistent with the express language and purpose of the rule and in accord with the provisions of the Landrum-Griffin Act [.]"  Id. at 241.

   While the Fourth Circuit has not addressed this issue in the bankruptcy context, the court is convinced that it would adhere to the rationale of the Peninsula case.  But a number of bankruptcy cases reach a difference result.  By way of example, in In re Damach, Inc., 235 B.R. 727, 731-732 (BC Conn. 1999), the court ruled that the automatic termination of leases under Section 365(d)(4) is a substantive, rather than a procedural, matter that cannot be modified or extended by the Federal Rules of Bankruptcy Procedure.  "Adopting the debtor's interpretation that either Fed. R. Bankr. P. 9006(b) or Fed.R.Civ.P. 60(b)  should be construed in such a way as to modify the substantive rights and obligations under Bankruptcy Code § 365(d)(4) would not only be contrary to the plain language of such rules, but would be unenforceable as exceeding the power delegated to the Supreme Court under the respective rules-enabling acts."  Id. at 732. See also In re Barnes, 308 B.R. 77, 81 (BC Colo. 2004) (In ruling that the Rule 9006(b) cannot

be used to extend the deadline for filing a plan of reorganization, the court noted that "the Bankruptcy Rules cannot override substantive provisions provided in the Bankruptcy Code and 'any conflict between the Bankruptcy Code and the Bankruptcy Rules must be settled in favor of the Code.' *E.g., In re Pacific Atlantic Trading Co.*, 33 F.3d 1064, 1066 (9th Cir. 1994)."); Smith v. U.S., 186 B.R. 411, 413 (BC N.D. Ohio 1995) (earlier holding that Rule 9006(a) cannot be applied to expand filing deadline provided for in § 523(a)(1)(B)(ii) is consistent with Section 2075 inasmuch as application of that rule would "impermissibly modify a substantive right."); In re Enterprise Fabricators, 36 B.R. 220, 223 (BC M.D. Tenn. 1983) (Rule 9006(a) is not applicable when calculating the 90-day period of 11 U.S.C.A. § 547(b)(4) on the ground that to do so would "impermissibly extend the 90-day preference period by enlarging a bankruptcy trustee's rights under Code § 547(b).").

     This court finds that Section 727(e)(1), similar to the statutory provisions that are the subject of the cases cited in the preceding paragraph, defines a substantive right - namely, the right to request a revocation of a discharge.  But nonetheless, in accordance with the appellate decisions set forth above, the court finds that this right can be enlarged by Rule 9006(a) to allow the United States Trustee an additional day to file this adversary proceeding.  Therefore, even though the United States Trustee did not file the complaint to revoke discharge within one year after Defendant's discharge was granted, the court will deny the Defendant's motion to dismiss.  In so ruling the court notes that were it writing on a clean slate, without the benefit of the opinions of four circuit courts of appeal, it would rule otherwise.[3]

---

[3] Two other thoughts occur to the court at this time.  While Rule 9006(a) does not so provide today, nothing prevents the Supreme Court out of an overarching concern for family values to provide for the period from November 15 to January 15 to add ten days to the last day to act, event or last day of the period in question.  Such an addition would appear to be a

However, this resolution of the case may result nonetheless in a happy result for the debtor. He may well have swapped the denial of his discharge for a criminal case brought under 18 U.S.C. § 152(2). An appropriate order will be entered.

cc:   Jeffrey M. Orenstein, Esq.
      Goren, Wolff & Orenstein, LLC
      One Central Plaza
      11300 Rockville Pike, Suite 408
      Rockville, Maryland 20852

      David B. Runkle
      107 S. Seton Avenue
      Emmitsburg, MD 21717

      John L. Daugherty, Esq., Assistant United States Trustee
      Office of the United State Trustee
      6305 Ivy Lane, Suite 600
      Greenbelt, Maryland 20770

**End of Memorandum Decision**

---

modification of a congressionally-created substantive right. The court sees no difference in principle between the addition of one or ten days to a time limit. Next, and this factor is applicable to all counsel practicing in this court, the court has for the past two years operated under the regime identified as Electronic Case Filing ("ECF"). Under ECF all pleadings are filed electronically. Filing by ECF ends the concept of the clerk's office being inaccessible on weekends and legal holidays. Under ECF, the clerk's office is always open for the reception of filings. Here nothing prevented the Plaintiff from timely submission of the complaint.